### 19043

BELL LINES, INC., Appellant, v. C. F. STRICKLAND, trading under the firm name and style of Strick's Tire Town, Respondent

(173 S. E. (2d) 788)

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, *for Appellant,*

*Messrs. West, Holland & Furman,* of Camden, *for Respondent.*

April 16, 1970.

*Per Curiam.*

In this action by Bell Lines, Inc., against C. F. Strickland for freight charges allegedly due on a shipment of tires, the defendant set up two counterclaims. The plaintiff demurred to the second counterclaim, which is based upon alleged abuse of process, for insufficiency of facts, and appeals from an order of the circuit court overruling the demurrer.

The demurrer should have been sustained. In essence the counterclaim to which it was directed alleges that prior to the commencement of the action the plaintiff harassed the defendant for payment of an alleged debt which it knew was not due, and published the alleged debt to various collecting agencies to injure the defendant's credit; that these acts and the subsequent commencement of this action were done mali-

ciously, and "amount to a malicious use of legal process to collect a debt which (the) defendant never owed."

No process was involved in any act done by plaintiff prior to the commencement of the action. The mere commencement of a civil action by the service of a summons, as required by the Code, can not amount to the tort known as abuse of process, which is the "malicious misuse or perversion of the process for an end not lawfully warranted by it * * *." *Huggins v. Winn-Dixie Greenville, Inc.,* 249 S. C. 206, 209, 153 S. E. (2d) 693, 695 (1967). Here, the process was used only for the conventional purpose of obtaining jurisdiction of the defendant in a civil action.

Reversed.