20597

UNIVERSITY OF SOUTH CAROLINA FEDERAL CREDIT UNION, Appellant, v. Mae Frances MOYE, Respondent.

(241 S. E. (2d) 558)

200

*Hammond A. Beale,* of *Beale and Lester,* Columbia, *for* *Appellant,*

February 7, 1978.

LITTLEJOHN, Justice:

The plaintiff-appellant instituted this action against the defendant-respondent on March 18, 1977, to recover a balance allegedly due and owing on two promissory notes executed and delivered by the defendant-respondent on May 22, 1974, and October 15, 1974, respectively. The defendant was personally served with summons and complaint, but filed no answer, demurrer or other responsive pleading within twenty days as required by the statute.

On April 20, 1977, the plaintiff procured a judgment by default on each of the two notes.

On May 31, 1977, counsel for the defendant submitted to the court an unverified petition, signed by the attorney only. Based upon the petition, the court issued its rule directing the plaintiff to show cause why the judgment should not be reopened. On August 4, 1977, pursuant to the petition and rule to show cause, the court issued an order setting aside a portion of the judgment as pertains to one of the promissory notes, on the ground that the defendant had shown excusable neglect in failing to answer the complaint, and on the further finding that the defendant appeared to have a meritorious defense. The defendant raised no objection to entry of judgment against her for the other promissory note. Plaintiff has appealed.

Both our statute and the overwhelming case law provide that a judgment may be vacated when:

(1) the judgment was taken against the defendant through his mistake, inadvertence, surprise or excusable neglect, and

(2) that he has a meritorious defense. Section 15-27-130, Code of Laws of South Carolina (1976). *McInerny v. Toler,* 260 S. C. 382, 196 S. E. (2d) 122 (1973). Such a motion is addressed to the sound discretion of the trial judge, whose ruling will not be disturbed in the absence of a clear showing of abuse of discretion.

From the record before us, it is patent that the defendant was served and simply ignored the process of the court, and no semblance of a justification for failure to act appears in the record. In addition, the record fails to reveal a meritorious defense.

We hold, as a matter of law, that the trial judge abused his discretion and the order of the lower court setting aside the judgment is

Reversed.

LEWIS, C, J., and NESS, RHODES and GREGORY, JJ., concur.