20711

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant, v. Johnny C. FOGGIE, Respondent.

(245 S. E. (2d) 423)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Raymond G. Halford* and *W. Joseph Isaacs,* Columbia, and *Staff Atty. Eugene W. Yates, III,* Greenville, *for appellant.*

*Rodney A. Culbertson,* Greenville, *for respondent.*

June 13, 1978.

LEWIS, Chief Justice:

This appeal is from an order of the lower court dismissing appellant's petition as assignee, of the mother's rights, to determine paternity of, and to establish a support obligation for, a minor child born out of wedlock. The contention of appellant was that respondent was the father of the child. The lower court dismissed the petition on the ground that an alleged prior action to determine paternity was *res judicata* and barred the present action. We reverse.

While the record shows that the mother of the child, whose rights were assigned to appellant, brought a paternity and support action against respondent in 1970, the *only* evidence of the hearing or disposition of that action consisted of the minutes of the court, dated March 11, 1970, which · stated: "Dismissed—long gone bastardy case $10.00 plus cost." This was the sole record upon which the lower court based its finding of *res judicata*.

The plea of *res judicata* is an affirmative defense and must be pled. *Connell v. Connell,* 249 S. C. 162, 153 S. E. (2d) 396.

The application of *res judicata* in this case must fail for two reasons. First, the respondent failed to plead the defense and the issue was, therefore, not before the Court; second, even if the plea is deemed raised, the foregoing notation on the minutes of the court in the prior action was insufficient to establish the existence or character of the judgment in the prior action, or its legal effect.

The judgment is accordingly reversed and the cause remanded for a new trial.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.