## 20833

Norma C. RUSSELL, Appellant, v. Sylvia W. RISHER, Respondent.

(249 S. E. (2d) 908)

*J. Lewis Cromer,* of *Cromer & Craig,* Columbia, *for appellant.*

*Kermit S. King,* of *King & Furr,* Columbia, *W. D. Rhoad,* of *Kearse, Kemp & Rhoad,* Bamberg, and *Solomon Blatt,* of *Blatt, Fales, Bedinfield, Loadholt & Poole,* Barnwell, *for respondent.*

December 8, 1978.

*Per Curiam:*

The plaintiff, a member of the South Carolina House of Representatives, commenced a civil action on August 2, 1977, against the defendant, who was at that time Clerk of the House. The complaint alleged slander and assault, which were supposed to have occurred at the Southern Legislative Conference at the Mills Hyatt House Hotel in Charleston on July 22, 1977.

The defendant answered, (1) denying liability, (2) asserting the defense of privilege, (3) asserting the defense of qualified privilege, and (4) asserting justification and provocation. She also counterclaimed for alleged abuse of process, contending that plaintiff had sought to obtain the defendant's resignation as Clerk of the House by threat of civil and criminal actions to be brought against her by the plaintiff.

To this counterclaim the plaintiff demured on the ground ". . . that the alleged facts are not sufficient to constitute a cause of action against the plaintiff; and further, that the same is improperly joined in the above action." The trial judge heard the demurrer and overruled it on both grounds asserted.

The case came to be tried before a jury in Bamberg County, resulting in a verdict in favor of the defendant on the counterclaim in the amount of $20,000.00 actual damages, plus $2,000.00 punitive damages. We conclude that the jury found against the plaintiff on the complaint. It is from this verdict and the rulings of the court that the plaintiff has appealed. In the appeal she asserts that the trial judge erred in overruling her demurrer, and in failing to dispose of the counterclaim by a nonsuit, directed verdict, or judgment notwithstanding the verdict. She further submits that the court should have directed a verdict in favor of the plaintiff on the complaint.

In light of our disposition of the appeal, it is not necessary to detail all of the evidence, nor to recite the facts surrounding the bringing of this action. Suffice it to say the plaintiff and the defendant, who had served together at the House of Representatives for some time, had developed considerable difficulties, which culminated in a heated exchange at a conference in Charleston.

We think that the real gravamen of this appeal is included in plaintiff's first two questions submitted to this court, as taken from her brief. The first question, "Does the counterclaim of the defendant allege a cause of action against the plaintiff for abuse of process?" The second question, "Was the counterclaim for abuse of process properly joined with plaintiff's main action for assault and slander?" It is readily observed that these are the two questions submitted to the trial judge by way of the demurrer. We are of the opinion that the judge erred in failing to sustain the demurrer and, accordingly, we reverse.

In her counterclaim the defendant alleged that a few days after the difficulties in Charleston, the plaintiff met with the Speaker of the House of Representatives and others and de- manded that the defendant resign as clerk, and stated that she would institute a cause of action, either civil or criminal, against the defendant unless she vacated her office. She fur-

ther alleged that because of the defendant's failure to resign this action was commenced, and that the bringing of the action constituted abuse of process, resulting in damages to her.

The plaintiff, having failed to convince the trial judge that the counterclaim was demurrable, replied to the counterclaim, setting forth in essence a general denial.

This court has recently, on three occasions, had before it civil cases which involved abuse of process. *Bell Lines, Inc. v. Strickland,* 254 S. C. 148, 173 S. E. (2d) 788 (1970); *Huggins v. Winn-Dixie Greenville, Inc.,* 249 S. C. 206, 153 S. E. (2d) 633 (1967), and *Cisson v. Pickens Sav. & Loan Ass'n,* 258 S. C. 37, 186 S. E. (2d) 822 (1972). By the counterclaim the defendant in essence says: "Not only do I not owe you any damages, but you should pay me damages because you have sued me in this proceeding." The defendant argues that plaintiff demanded something (resignation) which she was not entitled to demand. It is not unusual for plaintiffs, in the negotiation stage, to demand more than they are entitled to receive. In *Bell Lines, Inc.,* the defendant attempted to counterclaim for abuse of process by alleging that the plaintiff harassed the defendant for payment of an alleged debt which it knew was not due. This court held:

"The mere commencement of a civil action by the service of a summons, as required by the Code, cannot amount to the tort known as abuse of process, which is the 'malicious misuse or perversion of the process for an end lawfully warranted by it * * *.' *Huggins v. Winn-Dixie Greenville, Inc.,* 249 S. C. 206, 209, 153 S. E. (2d) 693, 695 (1967). Here, the process was used only for the conventional purpose of obtaining jurisdiction of the defendant in a civil action."

We hold that the trial judge erred in failing to sustain the demurrer, since no cause of action recognized by our court was stated in the counterclaim.

Since we hold that no cause of action was stated, the improper joinder issue becomes moot.

Plaintiff submits several grounds of alleged trial error and asserts that a new trial should be granted. All have been considered and found without merit. We are of the unanimous view that a full written opinion would have no precedential value and that no error of law appears in these rulings. Accordingly, all other aspects of plaintiff's appeal are dismissed under our Rule 23.

Plaintiff's contention that a verdict should have been directed in her favor has also been considered. While the evidence before the court concerning the events at the Charleston conference would have supported a verdict in favor of the plaintiff, we find no reason to disturb the verdict of the jury on that point.

The case is remanded to the lower court for the purpose of entering judgment in favor of the plaintiff on the counterclaim.

Affirmed in Part;

Reversed in Part; and

Remanded.