21042

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant, v. John THOMPSON, Respondent.

(257 S. E. (2d) 747)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Raymond G. Halford* and *Asst. Atty. Gen. Clifford O. Koon, Jr.,* and *Staff Atty. Russell D. Ghent,* Columbia, *for appellant.*

*John Thompson, pro se.*

August 27, 1979.

*Per Curiam:*

This appeal is taken by the South Carolina Department of Social Services from a lower court order relieving respondent from a portion of the terms of a default judgment which had established paternity of and a support obligation for two minor children, Sarah and Shirley Ann McCall. We reverse and reinstate the original judgment.

S. C. Code Section 15-27-130 (1976) provides an exclusive remedy for relief from judgments and orders. *Brock v. Brock,* 225 S. C. 261, 81 S. E. (2d) 898 (1954). To obtain relief under this section the moving party must demonstrate (1) that the judgment or order was taken against him through his mistake, inadvertence, surprise, or excusable neglect and (2) that he has a meritorious defense. *Univ. of South Carolina Federal Credit Union v. Moye,* 270 S. C. 199, 241 S. E. (2d) 558 (1978); *McInerny v. Toler,* 260 S. C. 382, 196 S. E. (2d) 122 (1973); *Edwards v. Ferguson,* 254 S. C. 278, 175 S. E. (2d) 224 (1970).

The lower court expressly found that respondent had a meritorious defense of *res judicata* as to the paternity of Shirley Ann McCall; however, it also went

on to find a lack of excusable neglect. Additionally, there was no finding of mistake, inadvertence, or surprise. *Res judicata* is an affirmative defense and must be pleaded to be established. *S. C. Dept. of Social Services v. Foggie,* 271 S. C. 109, 245 S. E. (2d) 423 (1978) ; S. C. Code Section 15-13-720 (1976). It would then follow that the lower court lacked a basis for relieving respondent from the default judgment determining his paternity of and support obligation for Shirley Ann McCall.

The lower court's Order relieving respondent from the default judgment determining his paternity of and support obligation for Shirley Ann McCall is reversed and the original Order is hereby reinstated.