21130

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES o/b/o Martha Mayes, Appellant, v. Willie DURHAM, Respondent.

(262 S. E. (2d) 49)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Raymond G. Halford,* and *Asst. Atty. Gen. Clifford O. Koon, Jr.,* Columbia, and *Asst. Atty Gen. Eugene W. Yates, III,* Greenville, *for appellant.*

*Kenneth C. Anthony, Jr.,* of *Knie, White & Anthony,* Spartanburg, *for respondent.*

January 21, 1980.

*Per Curiam:*

This appeal is taken by the South Carolina Department of Social Services from a Family Court order relieving respondent, Willie Durham, from the terms of a previous order which established his paternity of, and support obligation for, Toshia Mayes, a minor child. We reverse and reinstate the original order.

By order filed September 15, 1975, respondent was adjudged liable for the support of Toshia Mayes. No appeal was taken from that order. On January 3, 1979, respondent filed a petition seeking relief from the 1975 support order on the grounds that he was not the father of Toshia Mayes. The South Carolina Department of Social Services, assignee of the right to support for Toshia Mayes, answered the petition and plead the affirmative defense of *res judicata.* The lower court, in an apparent effort to re-litigate the issue of paternity, ordered respondent, Toshia Mayes, and Martha Mayes, the mother, to submit to a blood test. Martha Mayes failed to appear for the scheduled blood test. The lower court then entered an order relieving respondent from liability under the 1975 support order. The only basis appearing in the record before this Court for that order was the failure of Martha Mayes to appear for the scheduled blood test.

S. C. Code Section 15-27-130 (1976) provides an exclusive remedy for relief from judgments and orders. *South Carolina Department of Social Services v. Thompson,* S. C. 257 S. E. (2d) 747 (1979); *Brock v. Brock,* 225 S. C. 251, 81 S. E. (2d) 898 (1954). A party may obtain relief under this section at anytime within one year after notice of the judgment or order by demonstrating (1) that the judgment or order was taken against him through his mistake, inadvertence, surprise or excusable

neglect; and (2) that he has a meritorious defense. *South Carolina Department of Social Services v. Thompson, supra,* and cases cited therein.

In the instant case, respondent's petition was filed more than three years after the order from which he sought relief, well outside the one year limitation proscribed in the statute. Although the one year time limit has been held inapplicable in cases where the judgment was procured by fraud, *Center v. Center,* 269 S. C. 367, 237 S. E. (2d) 491 (1977); *Wold v. Funderburg,* 250 S. C. 205, 157 S. E. (2d) 180 (1967), here respondent neither plead or proved fraud. Additionally, respondent neither alleged or proved that the order was taken against him through his mistake, inadvertence, surprise, or excusable neglect. As such, the lower court lacked a basis for relieving respondent from the 1975 support order. *See Ledford v. Pennsylvania Life Ins. Co.,* 267 S. C. 671, 230 S. E. (2d) 900 (1976).

Accordingly, the lower court order relieving respondent from his support obligation for Toshia Mayes is reversed and the original order is hereby reinstated.