21373

R. C. SCOTT (and six other Respondents in six separate cases identical to his, to wit: Everette W. Noel, Avory Bland, Jr., Herman E. Cain, Mark S. Adams, J. Raymond Cook and Virgil Wall), Appellants, v. Thomas C. McCAIN, Respondent.

(274 S. E. (2d) 299)

*J. Roy Berry, Johnston, W. Ray Berry,* Columbia, and *Joe F. Anderson,* of *Anderson & Anderson,* Edgefield, *for appellants.*

*Laughlin McDonald,* Atlanta, Ga., *for respondent.*

January 14, 1981.

HARWELL, Justice:

The appellants, present and former members of Edgefield County School District Board of Trustees and the former Chief School Administrator of the District appeal the decision of the trial court denying their demurrers to respondent Thomas C. McCain's counterclaims alleging abuse of process. We remand for the reasons set forth herein.

The appellants brought this action against the respondent for libel. In their amended complaints, they allege that McCain wilfully, knowingly and with actual malice had a libelous pamphlet printed accusing the appellants of wilfully filing false reports with the United States Government.[1]

McCain filed a third amended answer which contains a counterclaim alleging that appellants filed the complaints to deprive him of protected speech and associational rights and to punish and retaliate against him for the past exercise of such rights. The process is alleged to have been used unlawfully, wilfully for a wrongful purpose, with malice and without probable cause. The appellants demurred to the counterclaim, contending that mere institution of the suit without more does not support a cause for abuse of process.

The torts of abuse of process and malicious prosecution are sometimes confused but their distinctions have been made clear in this State in the case of *Huggins v. Winn-Dixie Greenville, Inc.*, 249 S. C. 206, 153 S. E. (2d) 693 (1967). The focus in the abuse of process action is on the improper use of process after it has been issued. Annot., Abuse of Process, 8 A. L. R. 580; 1 Am. Jur. (2d) Abuse of Process § I3; 72 C. J. S. Process § 120. As

---

[1] These parties have been before this Court previously. In *Scott v. McCain*, 272 S. C. 198, 250 S. E. (2d) 118 (1978), we held that McCain's demurrers to the prior complaints should have been granted since the plaintiffs did not allege knowledge of falsity or reckless disregard of falsity. The plaintiffs were granted leave to amend and did so.

stated in *Huggins v. Winn-Dixie Greenville, Inc., supra,* quoting Prosser, Handbook of the Law of Torts, (2d) Ed. § 100, pp. 668, 669:

"The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." See also *Bell Lines, Inc. v. Strickland,* 254 S. C. 148, 173 S. E. (2d) 788 (1970); *Cisson v. Pickens Savings & Loan Association,* 258 S. C. 37, 186 S. E. (2d) 822 (1972); *Russell v. Risher,* 272 S. C. 182, 249 S. E. (2d) 908 (1978).

Some confusion surrounds the trial court's action on the motion. The matter was heard in chambers and the trial judge initially sustained the demurrers but granted McCain leave to amend his counterclaim. This order was apparently filed. McCain meanwhile filed a fourth amended answer and counterclaim. The trial judge then on reconsideration filed an order vacating his first ruling *sua sponte* and by it denied the demurrer.

Once filed, the first order was not subject to *sua sponte* vacation. As recently stated, Section 15-27-130, Code of Laws of South Carolina (1976) provides an exclusive remedy for relief from judgments and or-

ders. *South Carolina Department of Social Services v. Durham,* S. C., 262 S. E. (2d) 49 (1980); *South Carolina Department of Social Services v. Thompson,* 273 S. C. 569, 257 S. E. (2d) 747 (1979). We therefore find the second order to be of no effect.

■ The parties and the court below in settling the record for appeal to this Court have included McCain's fourth amended answer and counterclaim. This was unnecessary since these pleadings were not addressed by the trial judge on the motion below. We cannot advise on the propriety of as yet unchallenged pleadings. As we have repeatedly stated, we will not pass judgment upon the merits of hypothetical controversies. *Horry County v. Cooke,* S. C., 267 S. E. (2d) 82 (1980).

■ Even presuming the allegations made in the third counterclaim to be true by a liberal construction of the pleading in favor of McCain, as we are required to do, *Pilkington v. McBain,* S. C., 262 S. E. (2d) 916 (1980); *Whale Branch Corporation v. Federal Land Bank of Columbia,* S. C., 268 S. E. (2d) 583 (1980), it appears that no cause for a counterclaim is stated. There is no indication that wayward acts have taken place whereby collateral advantage has been sought.

The matter is remanded with the direction that McCain be allowed to amend his counterclaim in each suit one last time.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.