21719

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant, v. Steve Allen SCRUGGS, Respondent.

(292 S. E. (2d) 300)

*Atty. Gen., Daniel R. McLeod, Deputy Atty. Gen., Raymond G. Halford* and *Asst. Attys. Gen., Nan L. Black* and *Andrew G. Goodson,* Columbia, and *Staff Atty. Conrad Falkiewicz,* Greenville, *for appellant.*

*Franklin W. Allen,* of *Allen & Haddock,* Spartanburg, *for respondent.*

June 7, 1982.

*Per Curiam:*

South Carolina Department of Social Services (the Department) appeals an order of the lower court which granted respondent's request for the taking of a blood tissue test known as the human leucocyte antigen (HLA) test. The matter came before the lower court on the Department's petition for enforcement of a court-approved child support agreement of the parties. Finding the order of the trial court erroneous under *South Carolina Department of Social Services v. Durham,* 274 S. C. 222, 262 S. E. (2d) 49 (1980), we reverse.

Shortly after the birth of the child in question, his mother assigned to the Department all right to receive child support from respondent. Thereafter, respondent, in an agreement with the Department, acknowledged paternity and promised to pay $50.00 per month for the child's benefit. This agreement was subsequently approved as a court order on August 26, 1977. No appeal was taken from this order.

The Department initiated the present proceeding in March 1981 to enforce the support obligation. Among the defenses raised by respondent was the allegation, stated on information and belief, that respondent was not the child's father. At respondent's request, the lower court ordered that the mother and child, along with respondent, submit to an HLA test.

We find the holding of the *Durham* case controlling. As in *Durham,* the lower court in this case attempted to relitigate the issue of paternity. That respondent raised the paternity issue as a defense to the Department's enforcement action rather than in an action by respondent for relief from the prior order does not meaningfully distinguish this case from *Durham.* The effect of the lower court's ruling in both cases was to reopen a prior adjudication of paternity.

The exclusive remedy for relief from judgments and orders is found in S. C. Code § 15-27-130 (1976). A party may seek relief under this section at any time within one year after notice of the judgment or order. *South Carolina Department of Social Services v. Durham, supra.* Section

15-27-130 does not avail respondent, however, because he applied for relief more than a year after notice of the order. As pointed out in the *Durham* case, the one year time limit may not be a bar to relief where fraud is pled and proved. Respondent here neither pled nor proved fraud.

Accordingly, the order of the lower court is reversed and the case is remanded for further proceedings consistent with this opinion.