COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Coleman

DEBORAH A. FISHER

v.   Record No. 0336-95-1                    MEMORANDUM OPINION*
                                             PER CURIAM
VIRGINIA ELECTRIC & POWER COMPANY            JULY 18, 1995

             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Curt G. Spear, Jr., on briefs), for appellant.

             (Steven H. Theisen; Midkiff & Hiner, on brief), for
             appellee.


     Deborah A. Fisher contends that the Workers' Compensation
Commission erred in finding that she did not sustain a
compensable injury by accident.  Upon reviewing the record and
the briefs of the parties, we conclude that this appeal is
without merit.  Accordingly, we summarily affirm the commission's
decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable
to the prevailing party before the commission.  R.G. Moore Bldg.
Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788
(1990).  Unless we can say as a matter of law that Fisher's
evidence sustained her burden of proof, the commission's findings
are binding and conclusive upon us.  Tomko v. Michael's
Plastering Co., 210 Va. 697, 699, 173 S.E.2d 788, 788 (1970).

     The commission found that Fisher proved that, on March 1,

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

1994, she tripped over a rope attached to a ladder while in the course of her employment as a Serviceman First Class. However, the commission denied her application on the ground that she failed to prove a causal relationship between the March 1, 1994 accident and her subsequent disability.[1] The commission found as follows:

> [W]e are unable to find that [Fisher's] current disability is a result of [the March 1, 1994] accident. She acknowledged and the medical records reflect that [Fisher] has been experiencing severe low back problems for several years. These problems were such that her treating physician, [Dr. John E. Grasinger,] wrote, on the very day of the accident based upon her condition prior to the accident, that she was unable to continue her regular job. Her objective neurologic findings have not changed since March 1, 1994. Therefore, [Fisher] has not proven that the fall at work on March 1, 1994, caused her current disability.

The commission's findings are supported by Dr. Grasinger's medical records and opinions. His opinions did not establish a causal connection between Fisher's current disability and her March 1, 1994 accident. Rather, Dr. Grasinger confirmed that Fisher's objective neurological findings did not change after March 1, 1994, and that her current disability is related to the significant degenerative joint disease and disc disease in her lumbar spine. He reported that Fisher's condition has

_____

[1] Because our ruling on the causation issue disposes of this appeal, we will not address the issue raised by the employer on its cross-appeal, i.e., whether the evidence supports the commission's finding that Fisher tripped over a rope attached to a ladder.

deteriorated since 1983.  Dr. Grasinger attributed Fisher's inability to work in her regular job after March 1, 1994 to the severity of the degenerative changes in her lumbar spine.  He did not relate Fisher's inability to work to the March 1, 1994 accident.  In fact, on February 23, 1994, Dr. Grasinger opined that Fisher was not going to be able to continue in her present job because of the nature of her lumbar disease.

Based upon the lack of medical evidence to connect the March 1, 1994 accident with Fisher's current disability, we cannot say as a matter of law that Fisher sustained her burden of proving causation.  Therefore, we affirm the commission's decision.

<u>Affirmed.</u>

3