COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

GWENDOLYN EDWARDS SCOTT

v.   Record No. 1671-95-1                    MEMORANDUM OPINION[*]
                                                PER CURIAM
AUTUMN CARE OF PORTSMOUTH,                    DECEMBER 12, 1995
 AUTUMN CORPORATION AND
 INSURANCE COMPANY OF NORTH AMERICA

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                    (Annette Miller; Parker, Pollard & Brown, on brief),
                    for appellant.

                    (Lisa Frisina Clement, on brief), for appellees.


       Gwendolyn Edwards Scott ("claimant") contends that the
Workers' Compensation Commission erred in finding that she failed
to prove (1) the communication of an occupational disease; and
(2) that her skin condition was caused by her employment.  Upon
reviewing the record and the briefs of the parties, we conclude
that this appeal is without merit.  Accordingly, we summarily
affirm the commission's decision.  Rule 5A:27.

       On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Unless we can say as a matter of law that claimant's evidence
sustained her burden of proving causation, the commission's
findings are binding and conclusive upon us.  Tomko v. Michael's

_____

       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Plastering Co., 210 Va. 697, 699, 173 S.E.2d 788, 788 (1970).

Claimant worked for employer as a licensed practical nurse. In 1990, she sought medical treatment from Dr. Honesto B. Vargas, a general practitioner, for a skin rash which she had developed under her chin and around her neck. Dr. Vargas did not render a specific diagnosis. From May 18, 1990 through April 20, 1992, Dr. Jerome M. Parsons, a dermatologist, treated claimant for her skin condition. Dr. Parsons' final diagnoses were atopic dermatitis and polymorphous light eruption. Dr. Parsons did not opine that these conditions were related to claimant's work as a practical nurse. On September 16, 1992, claimant began treatment with Dr. Milton A. Saunders, Jr., a dermatologist. In October 1992, Dr. Saunders noted that claimant's condition had worsened. Claimant told Dr. Saunders that exposure to sprays and disinfectants at work increased her itching. In his May 19, 1994 deposition, Dr. Saunders opined that claimant had contact dermatitis. Prior to his deposition, Dr. Saunders stated on several occasions that it was possible that claimant's condition was from chemical exposure at work based upon claimant's statements to him that her condition worsened while at work. Prior to his deposition, Dr. Saunders had diagnosed claimant's condition at various times as possible atopic eczema, contact dermatitis, lichen simplex chronicus, or stress-related eczema with hyperpigmentation. Dr. Saunders admitted in his deposition that he could not render an opinion to a reasonable degree of

2

medical certainty that there was a cause and effect relationship between the claimant's condition and the chemicals in her workplace because those chemicals had never been identified. Dr. Saunders found it difficult to answer questions on causation and stated that, in general, "cleaners and disinfectants often are responsible for such dermatologic problems."

Based upon the lack of evidence of a communication of a definitive diagnosis of an occupational disease and the lack of any opinion from a physician upon which to base a finding of causation, we cannot say as a matter of law that claimant's evidence sustained her burden of proving causation. Accordingly, the commission did not err in denying claimant's application.

For the stated reasons, we affirm the commission's decision.

Affirmed.
