COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

JOHN C. EDWARDS, III

v. Record No. 0095-97-1          MEMORANDUM OPINION[*]
                                        PER CURIAM
HOAR CONSTRUCTION, INC.              JUNE 17, 1997
AND
NATIONWIDE MUTUAL FIRE
 INSURANCE COMPANY

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (William E. Baggs, on brief), for appellant.

           (Fay F. Spence; Spence & Whitlow, on brief),
           for appellees.


     John C. Edwards, III (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he

failed to prove that his June 1, 1994 automobile accident

constituted a compensable consequence of his July 14, 1985

industrial injury. Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision. Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below. See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained his burden of proof, the commission's findings are

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 788, 788 (1970).

On July 14, 1985, claimant sustained multiple injuries, including head trauma, when he fell five stories at a construction site.  Two years after the July 1985 compensable accident, claimant developed post-traumatic seizure disorder. His physicians prescribed medication to control the seizures. Prior to June 1994, claimant's last seizure occurred in 1991.  On June 1, 1994, while driving to work, claimant recalled seeing a gas station and planning to stop for gas.  The next event he remembered was waking up and seeing a police officer.  Claimant did not know what caused his blackout, and he could not recall any of the details surrounding the accident.  The medical records contained no evidence to link claimant's July 14, 1985 injury by accident and its sequelae to his June 1, 1994 automobile accident.

Based upon this record, the commission found that claimant failed to prove that his June 1, 1994 accident was caused by a seizure related to his July 1985 injuries.  The commission held that any finding on causation between the June 1, 1994 accident and claimant's seizure disorder would have been based upon pure speculation.

Because no evidence established that claimant's June 1, 1994 automobile accident was caused by a seizure related to his compensable July 1985 injury by accident, we cannot find as a

2

matter of law that claimant's evidence sustained his burden of proof. Therefore, the commission's findings are binding and conclusive upon us.

Accordingly, we affirm the commission's decision.

Affirmed.