COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


ROBERT AROL SANDERS (DECEASED),
 PAMELA SANDERS (WIDOW), AMY
 REBECCA GARWOOD, VANESSA SANDERS
 AND KIMBERLY SANDERS
                                      MEMORANDUM OPINION[*]
v.   Record No. 1083-98-3                 PER CURIAM
                                      NOVEMBER 24, 1998
FRIENDSHIP AMBULANCE SERVICE, INC.
 AND EMPLOYERS INSURANCE OF WAUSAU


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Gerald F. Sharp; Browning, Lamie & Sharp, on
              brief), for appellants.

              (Michael F. Blair; Penn, Stuart & Eskridge,
              on brief), for appellees.


     Pamela Sanders, Amy Rebecca Garwood, Vanessa Sanders and

Kimberly Sanders, the dependents of Robert Arol Sanders, contend

the Workers' Compensation Commission erred in finding that (1)

the dependents failed to prove Sanders' death arose out of and in

the course of his employment and (2) the death presumption did

not apply.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

                            Facts

     The facts are undisputed.  Sanders was the president of

Friendship Ambulance Service, Inc., a corporation engaged in the

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

business of transporting patients to medical providers throughout southwestern Virginia. Friendship's transport business was primarily conducted using land-based vehicles. Although Friendship owned an airplane, it did not transport patients in it. Whenever Friendship was required to transport a patient by airplane, it either rented or chartered an airplane from another business.

Sanders used Friendship's airplane to fly the corporation's employees to various meetings and seminars. In addition, Sanders used the airplane for personal trips and occasionally transported passengers in the airplane who were not employees of Friendship. He reimbursed Friendship for the cost of the transportation for his personal ventures.

On May 25, 1995, Sanders was killed while piloting Friendship's airplane. At the time, Sanders was transporting Donnie Dean, an employee of an engineering firm, to Richmond. Although Sanders had numerous business contacts in Richmond, no evidence showed that Sanders was flying to Richmond for a purpose other than to transport Dean. Dean was traveling to Richmond to attend a meeting concerning one of the engineering firm's projects. Deonna Payne, an employee of the engineering firm, made the arrangements for Sanders to transport Dean and testified that Friendship was to send the engineering firm an invoice for the cost of the transportation.

The commission denied the dependent's claim for benefits.

"In order to establish entitlement to compensation benefits, the claimant must prove, by a preponderance of the evidence, an injury by accident which arose out of and in the course of his employment." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989). An injury arises out of the employment "'when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938) (quoting In re McNicol, 102 N.E. 697, 697 (Mass. 1913)). "'[A]n accident occurs in the 'course of employment' when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while [the employee] is reasonably fulfilling the duties of . . . employment or is doing something which is reasonably incidental thereto.'" Thore v. Chesterfield County Bd. of Supervisors, 10 Va. App. 327, 331, 391 S.E.2d 882, 885 (1990) (quoting Conner v. Bragg, 203 Va. 204, 208, 123 S.E.2d 393, 396 (1962)).

A finding by the commission that an injury did or did not arise out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal. See City of Richmond v. Braxton, 230 Va. 161, 163-64, 335 S.E.2d 259, 261 (1985). On an appeal from the commission's decision, we view the

evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Thus, we note that the commission found as follows when it denied the dependents' application:

> It is clear from the evidence that no one knew exactly why Mr. Sanders was flying to Richmond on May 25, 1995.  Although there is a possibility that his destination may have been for business purposes upon arriving in Richmond, Virginia, this fact is speculative at best.  The fact that, as the claimant argues, the employer presented no evidence that Mr. Sanders was not on a business trip at the time of the crash, is not controlling because "the burden . . . [is] not upon the employer to prove that . . . [the employee's] injury did not arise out of his employment; the burden of proof . . . [is] upon . . . [the employee] to prove how the injury occurred and that it is compensable."

(Quoting Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 387, 363 S.E.2d 433, 440 (1987)).

The commission's finding concerning the purpose of the trip is supported by credible evidence in the record.  Ronald Freeman, the vice president of Friendship, testified that Friendship's airplane had never been used to transport patients.  The evidence also proved that Sanders occasionally used the airplane for personal purposes.  No evidence proved that Sanders was transporting Dean for reasons related to Sanders' employment or that Sanders had a business purpose for the trip to Richmond.  Thus, the evidence failed to show that Sanders was fulfilling the

- 4 -

duties of his employment with Friendship or doing something reasonably incidental to his employment at the time of his death. Any conclusion that Sanders' trip to Richmond was for an employment-related purpose would be based on pure speculation.

In short, the evidence failed to prove a causal connection between the conditions under which Sanders' work was to be performed and the fatal airplane crash. Therefore, we cannot say as a matter of law that the dependents' evidence sustained their burden of proof. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 788, 788 (1970).

## II.

The Supreme Court of Virginia has outlined the death presumption as follows:

> Where an employee is found dead as the result of an accident at his place of work or near by, where his duties may have called him during the hours of his work, and there is no evidence offered to show what caused the death or to show that he was not engaged in his master's business at the time, the court will indulge the presumption that the relation of master and servant existed at the time of the accident, and that it arose out of and in the course of his employment.

Sullivan v. Suffolk Peanut Co., 171 Va. 439, 444, 199 S.E. 504, 506 (1938). However, the death presumption applies only if there is an absence of evidence contrary to the conclusion that the death arose out of the employment. See Hopson v. Hungerford Coal Co., Inc., 187 Va. 299, 305, 46 S.E.2d 392, 394 (1948).

In refusing to apply the death presumption to the

circumstances of this case, the commission found as follows:

> [T]here was evidence that Mr. Sanders was carrying a passenger who was at least sharing the cost of the trip. This passenger was in no way related to the ambulance business. Evidence at the hearing also demonstrated that this employer was not licensed to carry passengers in this fashion. The passenger was not a patient being transported as part of the business. Other than statements made to witnesses, the day before the fatal flight, that Mr. Sanders was flying to Richmond, there is insufficient evidence presented that he was otherwise engaged in any business of the employer. As a result, there is no evidence that Mr. Sanders was actually performing a task connected with his employment at the time of his death.

These findings of fact are supported by credible evidence and point to evidence contrary to a conclusion that the death arose out of Sanders' employment. See id.

Sanders died in an airplane crash while transporting Dean for a purpose wholly unrelated to the business of Friendship. Friendship was not in the business of transporting non-patient passengers for pay, and it had been fined on a prior occasion for doing so without a license. Although Dean was expected to pay Friendship for flight expenses, that arrangement was not sufficient to prove that the flight was made by Sanders for business rather than personal purposes. Sanders had authority to use the airplane for personal flights; he had done so in the past; and he reimbursed Friendship for the expenses incurred in his personal use of the airplane.

Based upon this record, the commission could reasonably

infer that Sanders was on a private mission at the time of his death.  Finding no causal connection between Sanders' death and his employment, the commission did not err in refusing to apply the death presumption.  Therefore, we affirm the commission's decision.

Affirmed.