THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Kimberly H. Hubbard and John Hubbard, Respondents,
 v.
 Jack R. Owens, Marlboro 
 County 
 Farm Bureau, Ace Property and Casualty Insurance Company, Defendants,
 
 Of Whom Jack R. Owens is the Appellant.
 
 
 

Appeal from Marlboro County
 John M. Milling, Circuit Court Judge
Memorandum Opinion No.  2007-MO-034
Submitted May 23, 2007  Filed June 11, 2007  

AFFIRMED

 
 
 
 Ronald J. Tryon and Michael E. Kozlarek, both of Parker Poe Adams & Bernstein, of
 
 Columbia, for Appellant.
 James C. Rushton, III, of the Hyman Law Firm, of
 
 Florence, for Respondents.
 
 
 

PER CURIAM:  Respondents Kimberly H. and John Hubbard (the Hubbards) filed a lawsuit against Appellant Jack R. Owens (Owens) and two insurance companies.  On appeal, Owens argues that the trial court erred in denying his motion to dismiss the complaint, his motion for judgment on the pleadings, and his motion to compel arbitration of the Hubbards claims.
We affirm the trial courts decision pursuant to Rule 220(b)(1), SCACR, and the following authority:  Johnson v. South Carolina Dept of Probation, Parole, and Pardon Services, __ S.C. __, 641 S.E.2d 895, 897 (2007) (providing that this Court will not entertain the merits of an issue on appeal where the record on appeal is inadequate for review); Woodard v. Westvaco Corp., 319 S.C. 240, 242-43, 460 S.E.2d 392, 393-94 (1995) (providing that the denial of a Rule 12(b)(1) motion to dismiss is an interlocutory order which is not immediately appealable); Ballenger v. Bowen, 313 S.C. 476, 477-78, 443 S.E.2d 379, 380 (1994) (providing that an order denying a motion for summary judgment is not appealable); Moyd v. Johnson, 289 S.C. 482, 482, 347 S.E.2d 97, 98 (1986) (holding that the denial of a Rule 12(b)(6) motion to dismiss is an interlocutory order which, ordinarily, is not immediately appealable); and South Carolina Dept. of Soc. Services v. Thompson, 273 S.C. 569, 571, 257 S.E.2d 747, 748 (1979) (providing that res judicata is an affirmative defense that must be pled to be established).
 
TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur. WALLER, J., not participating.