20165

Laura Allen EVANS (formerly Laura Allen Culler), Respondent, v.
FIAT-ROOSEVELT MOTORS, INC., Appellant.
(222 S. E. (2d) 282)

164

*Steven E. Solomon, Esq.,* of Solomon and Gates, Myrtle Beach, *for Appellant*

*John R. Clarke, Esq.,* of North Myrtle Beach, *for Respondent,*

February 4, 1976.

RHODES, Justice:

Laura Evans sued Fiat-Roosevelt Motors, Inc. and Myrtle Beach Imports, Inc. for breach of warranty and obtained a default judgment against Fiat-Roosevelt. Fiat-Roosevelt's motion to vacate the judgment was denied by the lower court and it appeals.

The sole issue before us is whether the lower court abused its discretion in holding that Fiat-Roosevelt's failure to answer the complaint was not occasioned by excusable neglect. We conclude that the lower court did not abuse its discretion and affirm.

The record reflects that Fiat-Roosevelt was served January 27, 1975 with the summons and complaint, and the order of judgment by default was signed on March 28, 1975. Fiat-Roosevelt moved on April 10, 1975 to have the default judgment set aside on the ground of excusable neglect under S. C. Code Sec. 10-1213 (1962). The motion was heard by the lower court on June 10, 1975, and an order was filed denying the motion.

S. C. Code Sec. 10-1213 (1962) authorizes a court, in its discretion, to vacate default judgments when the defendant has a meritorious defense and demonstrates the failure to answer was due to excusable neglect. Its ruling will not be disturbed absent a clear showing of an abuse of discretion. An abuse of discretion is exemplified in instances where the lower court was (1) controlled by some error of law or, (2) where the order, based upon factual, as distinguishable from legal conclusions, is without evidentiary support. *Rochester v. Holiday Magic, Inc.,* 253 S. C. 147, 169 S. E. (2d) 387 (1969), and cases therein cited.

The only evidence offered in support of the motion was the affidavit of Robert I. Fisher, a member of a New York law firm which is general counsel for Fiat-Roosevelt. He stated that he received the suit papers from his client in early February, 1975, and that he then telephoned John R. Clarke, attorney for Evans, who granted him an indefinite extension of time within which to answer; that, thereafter, he had several telephone conversations with Clarke concerning the case and that at no time was he told by Clarke that he was withdrawing the grant of an indefinite

extension of time to answer; that in early April, 1975, he once again called Clarke and was advised that a default judgment had been obtained against Fiat-Roosevelt.

The respondent offered the affidavits of John R. Clarke and James T. Kalyvas in opposition to the motion. The affidavit of Clarke stated that although a person identifying himself as Bob Fisher from New York telephoned him about the case, the caller never identified himself as the attorney for Fiat-Roosevelt; that he gave him the name and telephone number of James T. Kalyvas, the attorney representing the co-defendant Myrtle Beach Imports; that he never received another call from Fisher until after the default judgment was filed. The affidavit of Clarke is partially corroborated by that of James T. Kalyvas who stated that towards the end of March, 1975, Fisher called him and inquired as to the status of the case; that he told Fisher that he had filed an answer for Myrtle Beach imports; that Fisher told him that no responsive pleadings had been filed by Fiat-Roosevelt and that upon his asking why this had not been done, Fisher replied that it "must have slipped between the cracks".

The issue here is basically one of credibility, and the above summation of the relevant evidence presented to the lower court at the time this motion was heard clearly reflects that there was ample evidence before it to warrant the finding that Fiat-Roosevelt had not proven excusable neglect in its failure to file a responsive pleading. There is no showing of an abuse of discretion.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.