## 20212

Ray C. HODGES, Respondent, v. William S. FANNING and Birobal Corp., Appellants. Carolyn B. HODGES, Respondent, v. William S. FANNING and Birobal Corp., Appellants.

(224 S. E. (2d) 713)

518

*Messrs. Grimball & Cabaniss,* and *Malcolm M. Crosland,* of Charleston, *for Appellants,*

*Messrs. Stuckey & Wise,* of Charleston, *for Respondents,*

May 4, 1976.

*Per Curiam:*

Plaintiffs-respondents, Ray and Carolyn Hodges, obtained orders of default against defendants- appellants, William Fanning and Birobal Corp. Defendants' motion to vacate the orders was denied by the lower court. We affirm.

The motion to vacate the default orders was made under S. C. Code § 10-1213 (1962), which authorizes the court in its discretion to relieve a party from an order "taken against him through his mistake, inadvertence, surprise or excusable neglect." Additionally, the moving party must have a meritorious defense. *Evans v. Fiat-Roosevelt Motors, Inc.,* S. C., 222 S. E. (2d) 282 (1976).

In support of their motion, defendants introduced several affidavits from which the following appears: On June 27, 1975, Ray Hodges was struck by an automobile operated by defendant Fanning and owned by defendant Birobal Corp. On July 9, 1975, defendants were personally served with a summons and complaint in actions brought by Hodges for personal injuries, and by his wife for loss of *consortium* as a result of the accident. Defendants turned the suit papers over to their personal attorney who on July 14, 1975 delivered them to the liability insurance carrier of Birobal Corp. The insurance carrier subsequently engaged local counsel who, after conferring with defendants' personal attorney, prepared and forwarded to him on July 17, 1975, the answers in the two actions for his approval.

Defendants' personal attorney stated in his affidavit that he reviewed and signed the answers and told his secretary to return them to the attorney who prepared them. He then

stated that his secretary "had an illness in her family and missed several days from work", and on July 31, 1975 he discovered that the answers had not been returned. The attorney to whom the answers were to be returned stated in his affidavit that he left for vacation on July 25, 1975, and did not return to his office until August 7, 1975.

No showing was made by plaintiffs to contradict these facts contained in defendants' affidavits. Affidavits submitted by them showed an overwhelming responsibility on the part of Fanning for the injuries sustained by Hodges.

Orders of default in both actions were issued on July 30, 1975, and defendants' motion for relief from them was made on August 1, 1975 and denied on September 13, 1975 by the lower court.

The lower court held that the reasons given for the failure of defendants to file timely answers were insufficient to warrant setting aside the default orders on the grounds of mistake, inadvertence, surprise, or excusable neglect. Defendants contend this holding was erroneous.

In *Poston v. State Highway Department,* 192 S. C. 137, 5 S. E. (2d) 729 (1939), the principal reason given for the Attorney General's failure to appear at the trial of an action against the Highway Department was his involvement in many other official matters and his distress over illness in his family. We stated in *Poston* that such facts "did not make out such a case of surprise or excusable neglect as would warrant the opening of the judgment", and sustained the refusal of the lower court to vacate the default judgment.

In *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391 (1957), the affidavit of appellant's counsel showed that default was due to pressure of counsel's business in the trial of cases and attendance at hearings before the Industrial Commission. We stated the following in *Simon*:

"In the crowded routine of a busy lawyer's life a mistake such as the record here discloses is understandable; but it

entails the penalty of default under strict enforcement of the rule of procedure, and the trial court's refusal to forgive it affords no basis for reversal."

The excuse of being on vacation and the negligence of counsel's secretary are no greater reasons for excusing default than the reasons given in *Poston* and *Simon*. Accordingly, no abuse of discretion has been shown and the lower court's ruling cannot be disturbed. It is not necessary, therefore, to consider whether defendants had a meritorious defense. *McInerny v. Toler,* 260 S. C. 382, 196 S. E. (2d) 122 (1973).

Affirmed.