## 1038

Sidney THOMPSON, Respondent v. F. C. HAMMOND, Horry County, John Doe, and any other persons claiming an interest, Defendants, of whom Horry County and John Doe are Appellants. Appeal of HORRY COUNTY and John Doe.

(362 S. E. (2d) 879)

Court of Appeals

*James B. Van Osdell* and *Cynthia Graham Howe*, of *Van Osdell, Lester, Stewart, McCutchen & Brittain, P.A.*, Myrtle Beach, *for appellants.*

*John P. Henry* and *Emma Ruth Brittain*, of *Thompson, Henry & Gwin, P.A.*, Conway, *for respondent.*

Heard Sept. 22, 1987.

Decided Nov. 9, 1987.

BELL, Judge:

This is a petition to close a public road pursuant to Section 57-9-10, Code of Laws of South Carolina, 1976. The petitioner, Sidney Thompson, owns land abutting the road. F. C. Hammond is the opposite abutting landowner. The matter was uncontested at trial and the circuit court entered judgment granting the petition. Thereafter, Horry County, which had appeared and consented to the petition, and W. C. Harmond, who had not previously answered or otherwise appeared in the action, moved for relief from the judgment pursuant to Rule 60(b)(1), S.C.R. Civ. P. The circuit court denied the motions. Horry County and Harmond (John Doe) appeal. We affirm.

The material facts are undisputed. Thompson brought this action to have declared abandoned and closed eight-five feet of Folly Road abutting his property and ending at the Intracoastal Waterway. An old boat landing, in need of repair, is at the end of the road. The road has not been maintained by Horry County for at least the last 20 years.

The petition named as respondents F. C. Hammond, Horry County, John Doe, an unknown party with an interest in the road, and all other persons claiming an interest in the road. Thompson duly served Horry County by personal service. All other respondents were served by publication. Appellants' counsel acknowledges that due and proper service was made on all parties.

After the action was commenced, Harmond saw the publication of Thompson's summons and petition in the newspaper. He did not appear in the action, but instead presented a petition, signed by neighborhood landowners who opposed the closing of the road, to Alton Duncan, an Horry County

Council member. Duncan in turn presented the landowners' petition to the County Council at its January 1986 meeting, at which time Council voted to oppose the closing of the road.

At its April 1, 1986, meeting, after Councilman Duncan left, the Council, sitting in executive session to discuss legal matters, again took up the matter of closing the road. On recommendation of the County Administrator, Council decided not to oppose Thompson's petition and so instructed the county attorney. The decision was ratified in public session. However, Duncan, Harmond, and the neighboring landowners were unaware that Council had changed its vote on closing the road.

Two days later the case was called for trial in the circuit court. As of that time, no one had filed an answer or any other pleading in opposition to the petition. The County, by its attorney, appeared at the hearing and informed the court that it did not oppose Thompson's petition. Thompson and Hammond were the only other parties at the hearing. Hammond consented to judgment on the petition.

On April 11, 1986, the court entered judgment granting the petition. Thereafter, Thompson and Hammond had the land surveyed, the lot lines settled, and deeds to the property executed.

On May 15, 1986, the County filed a motion for relief from the judgment pursuant to Rule 60(b)(1), S.C.R. Civ. P., alleging mistake of fact as the ground for relief. On June 18, 1986, Harmond filed a motion for relief from the judgment under the same rule, alleging mistake, inadvertence, surprise, or excusable neglect as grounds for relief. After a hearing on the motions, the circuit court denied relief.

A motion for relief pursuant to Rule 60(b)(1) is addressed to the sound discretion of the trial court. *Ledford v. Pennsylvania Life Insurance Co.*, 267 S. C. 671, 230 S. E. (2d) 900 (1976); *Kolstad v. United States*, 262 F. (2d) 839 (9th Cir. 1959). On appeal, the burden rests upon the appellant to show an abuse of discretion. *Renney v. Dobbs House, Inc.*, 275 S. C. 562, 274 S. E. (2d) 290 (1981); *Baggett v. Strickland*, 158 S. C. 60, 155 S. E. 237 (1930). When reviewing a discretionary ruling, this Court cannot substitute its judgment for that of the trial judge. *Ricks v. Weinrauch*, 360 S. E. (2d) 535

(S. C. Ct. App. 1987); *Em-Co Metal Products, Inc. v. Great Atlantic & Pacific Tea Co.*, 280 S. C. 107, 311 S. E. (2d) 83 (Ct. App. 1984).

From a review of the record, we can discover no ground upon which either the County or Harmond is entitled to relief from the judgment.

The County claims it made the "mistake" of failing to notify the protesting landowners when it voted not to oppose Thompson's petition. This "mistake" may have been a political error, but it was extraneous to the proceedings of the court and irrelevant to any legal interest of the County adjudicated thereby. It was not a "mistake" within the meaning of Rule 60(b)(1). The Council's vote not to oppose the petition was a matter of public record. Moreover, the County consented to the judgment in open court. It had no special duty to give the protesting landowners additional notice of its position. Even if there had been such a duty, a failure of the County to advise the protesting landowners of the position it would take in court would not be a ground for vacating the judgment. *Cf., Lord Jeff Knitting Co., Inc. v. Mills*, 281 S. C. 374, 315 S. E. (2d) 377 (Ct. App. 1984).

Harmond likewise failed to show mistake, inadvertence, surprise or excusable neglect. He and the protesting landowners had a duty to give the case their personal attention, keeping themselves informed of its progress. *Cf. Douthitt v. Guardian Life Ins. Co. of America*, 235 Ky. 328, 31 S. W. (2d) 377 (1930). Although they were duly served and had actual notice of Thompson's suit, they did nothing to protect their interests in the litigation. They ignored the process of the court and took no steps to appear and take a position in the litigation. Nothing was done or omitted by Thompson or the court which was calculated to mislead these parties or keep them in ignorance of their rights or interests. They claim to have relied upon the County to protect their private interests, but they have shown no basis in law to justify such reliance. Horry County had no duty to protect or represent them in the litigation nor did it undertake to do so. Council's vote not to oppose Thompson's petition was a matter of public record which they could have discovered in the exercise of due diligence. In summary, no semblance of a justification for their failure to protect their rights appears in the

record. If they were misled, it is due to their own fault or to their ignorance, for which the law provides no remedy. *Woodward v. Elliott,* 27 S. C. 368, 3 S. E. 477 (1887); *University of South Carolina Federal Credit Union v. Moye,* 270 S. C. 199, 241 S. E. (2d) 558 (1978).

For the reasons stated, we hold that the trial judge did not abuse his discretion. Our decision makes it unnecessary to address the other issues raised by the appellants.

Affirmed.

SHAW, and CURETON, JJ., concur.