23054

Sidney THOMPSON, Respondent v. F. C. HAMMOND, Horry County, John Doe, and Any Other Persons Claiming an Interest Defendants, of whom Horry County and John Doe are Petitioners.

(382 S. E. (2d) 900)

Supreme Court

*James B. Van Osdell* and *Cynthia Graham Howe*, of *Van Osdell, Lester, Stewart, McCutchen & Brittain, P.A.*, Myrtle Beach, *for petitioners.*

*John P. Henry* and *Emma Ruth Brittain*, Conway, *for respondent.*

Heard Dec. 7, 1988.

Decided July 31, 1989.

TOAL, Justice:

The dispositive issue in this case is whether relief from a circuit court judgment ordering the closing of a county road should be granted because of a mistake, inadvertence, surprise, and/or excusable neglect pursuant to South Carolina Rule of Civil Procedure 60(b)(1). We granted certiorari to review the decision of the Court of Appeals in *Thompson v. Hammond, et al.*, 294 S. C. 95, 362 S. E. (2d) 879 (Ct. App. 1987), which affirmed the trial court. We reverse the Court of Appeals and grant a new trial to the landowners.

Thompson filed this action to close a portion of a public road in Horry County and to divide the land between himself and F. C. Hammond, the two adjacent landowners. At the end of the road is a boat landing which provides access to the Intracoastal Waterway.

Thompson named as respondents F. C. Hammond, Horry County, John Doe and any other persons claiming an interest in the road. John Doe and other interested persons were served by publication. Horry County was personally served.

When one of the interested landowners saw the legal notice, he notified Thompson's attorney and informed him of the opposition of several landowners to the closing of the

road. When the attorney did not get back in touch with him, the landowner circulated a petition among other landowners obtaining approximately 18 names in opposition to the closing of the road. The landowners then contacted the County Council representative for their area (Mr. Alton Duncan), explained their position and presented him with the petition.

In January, the Horry County Council voted to oppose the closing of the road, directed the County Attorney to proceed as necessary and notified the landowners of its position. On April 1, however, Council voted to change its position and not oppose the closing of the road. The vote was taken in a late night executive, non-public session, at which Mr. Duncan was not in attendance. The vote occurred two days before the hearing. Neither Mr. Duncan nor the landowners were notified of the County's change in position or the date of the hearing.

A non-jury hearing was held on April 3. No one appeared in opposition to the closing. The County Attorney stated that the County did not oppose the petition. Based upon testimony provided by Thompson and Hammond, the Court closed the public road and ordered that the property be divided between Thompson and Hammond. The Order was filed April 11, 1986.

The landowners subsequently learned of the Order. The County and landowners moved for relief from the judgment in separate motions. Both motions were denied. The judge concluded that the County was barred by the statements made by its attorney during the hearing. In regard to the landowners, the judge ruled that they failed to establish the existence of a legally sufficient mistake, inadvertence, excusable neglect or surprise, that they could not prevail on the merits because it had been conclusively established that the road had been abandoned by the County, that the closing was warranted and that the landing was beyond repair.

The judge also noted that he personally inspected the road and landing the day before the hearing and made the following comments:

> "I personally went out yesterday to the particular landing, inspected the road and the landing in question. There is very little parking out there, and the landing is

in a bad state of repair. There is a dangerous situation out there, and had the County retained this property, they would have to spend considerable money to do so. Until last year, the County Council could not be sued, but our Supreme Court did away with sovereign immunity and now the County can be sued, where there is a governing body, but there is a cap of Two Hundred Fifty Thousand Dollars on suits against government bodies. The Court feels that the County took into consideration the people who signed this petition, as well as the expense of repairs, and the maintenance and exposure of the lawsuit, up to Two Hundred Fifty Thousand Dollars, if someone got hurt out there."

On appeal, the Court of Appeals affirmed the trial court, reasoning that the trial judge did not abuse his discretion in finding that the parties were not entitled to relief. We agree in regard to the County. The County authorized its attorney to not oppose the closing of the road and, therefore, is barred by the statements made by its attorney during the hearing.

South Carolina Rule of Civil Procedure 60(b)(1) provides that upon motion, the court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." Relief under this section rests within the sound discretion of the trial court, whose conclusions will not be disturbed on appeal absent a showing of an abuse of discretion. Such an abuse arises when the judge issuing the order was controlled by an error of law or when the order, based upon factual conclusions, is without evidentiary support. *Goodson v. American Bankers Insurance Company of Florida*, 295 S. C. 400, 368 S. E. (2d) 687 (Ct. App. 1988); *Ledford v. Pennsylvania Life Insurance Co.*, 267 S. C. 671, 230 S. E. (2d) 900 (1976). The landowners contend that the trial judge was controlled by an error of law in that he failed to apply the appropriate standard required by this section.

To justify relief under this rule, a party must establish that he has a meritorious defense and that the judgment was taken against him by mistake, inadvertence, surprise or excusable neglect. H. Lightsey & J. Flanagan, *South Carolina Civil Procedure*, p. 402 ( (2d) Ed.

1985). The complainant does not have to establish that he would prevail on the merits, but only that his defense is meritorious. As noted in *Graham v. Town of Loris*, 272 S. C. 442, 248 S. E. (2d) 594 (1978):

> "[A] meritorious defense need not be perfect nor one which can be guaranteed to prevail at a trial. It need be only one which is worthy of a hearing or judicial inquiry because it raises a question of law deserving of some investigation and discussion or a real controversy as to real facts arising from conflicting or doubtful evidence."

At the motions hearing, the landowners submitted testimony showing that a real controversy existed as to whether the public landing had been abandoned and whether it should be closed. The testimony showed that the landing is the only access to the Intracoastal Waterway for 20 miles on the west side; it allows county fire trucks to replenish their water supply in the absence of fire hydrants and serves as access to the waterway for recreational purposes. The testimony also showed that the road had been scraped by the County within the past two years, thereby contradicting the finding that it had been abandoned for twenty years. Therefore, we conclude that the landowners presented a meritorious defense.

The landowners also contend that judgment was taken against them by mistake, inadvertence, surprise or excusable neglect. We agree. The legal notice in the newspaper directed interested persons to contact Mr. Thompson's attorney. When the landowner personally appeared before the attorney, he was told that he would be contacted by the attorney. When this was not done, the landowner contacted a member of County Council. The landowners were assured that the road closing would be opposed.

It is true that the landowners did not hire an attorney or file an answer. However, they did notify the plaintiff of their position. They also contacted County Council and obtained the assurance that the closing would be opposed. They were not notified of the change in Council's position. Nor were they notified of the hearing date.

It should be noted that this is a peculiar case because the road involved was a public, not private, road and, therefore,

was the responsibility of the County. This is not the usual situation where the subject of the litigation is the responsibility of the individual plaintiff or defendant.

Taking into consideration all of the circumstances surrounding this matter and the desire to resolve cases on the merits, we conclude that the landowners established excusable neglect.

Finally, the landowners argue that it was reversible error for the trial judge to base his order on his own *ex parte* viewing of the landing. We agree. In *Ralph v. Southern Railway Company,* 160 S. C. 229, 158 S. E. 409 (1930), this Court held that it was reversible error for the trial judge to make a determination based upon a personal viewing of the scene of the accident.

In this matter, the judge's comments concerning this viewing of the landing and speculations about why the County probably changed its position support the landowners' contention that the judge utilized the wrong standard in ruling on the motions. Rather than determining whether there was a meritorious defense, the judge determined whether the landowners could prevail on the merits and whether the conclusions of the first hearing were correct.

For the reasons discussed above, we find that the trial court abused its discretion in denying the motion, therefore the decision of the Court of Appeals affirming the lower court as to the landowners is reversed and a new trial is granted.

GREGORY, C. J., and HARWELL and FINNEY, JJ., concur. CHANDLER, J., dissenting in separate opinion.

CHANDLER, Justice (dissenting):

In the words of their spokesman, Warren C. Harmond, the landowners in this case "were betting on County Council to oppose the [road closing]."[1]

Although it initially opposed the closing, County Council subsequently dropped its opposition. Unfortunately for the landowners, Alton Duncan, their representative on Council,

---

[1] Transcript of Record, page 41, line 7.

had left the meeting when the decision was made during executive session and later announced in public.

Mr. Harmond described the landowners' predicament as follows:

> Well, I just *let my guard down. I assumed* that it was the County's position to defend public property, not mine to take dollars out of my pocket to defend public property, and that was the position. I just said, well, the land is going to be protected, so we *just kind of fell back* on it.[2] (Emphasis supplied.)

The Court of Appeals affirmed Circuit Court's denial of the landowners' Rule 60(b)(1) motion to set aside the judgment.

Rule 60(b)(1) is virtually identical to S. C. Code Ann. § 15-27-130 (1976), which was repealed in 1985 with enactment of the Rules of Civil Procedure. As under the statute, the Rule requires a moving party to establish: (1) the judgment was taken through mistake, inadvertence, surprise, or excusable neglect; and (2) the existence of a meritorious defense. *Mitchell Supply Co. v. Gaffney*, 297 S. C. 160, 375 S. E. (2d) 321 (Ct. App. 1988).

The Majority concedes (1) that landowners' motion is addressed to the sound discretion of the trial judge, and (2) that abuse of discretion arises when the factual conclusions lack evidentiary support or when the decision is controlled by some error of law. In my judgment the record does not support an abuse of discretion finding in this case.

First, there is no indication that the trial judge's factual findings are unsupported by the evidence. To the contrary, his findings are in accord with those outlined in the Majority Opinion.

Second, there is no showing of legal error.[3] That the landowners "assumed" and "bet" County Council would protect their private interests cannot be said to constitute, as a matter of law, conduct mandating Rule 60(b)(1) relief.[4]

---

[2] Transcript of Record, page 39, lines 13-17. [Emphases supplied.]

[3] The judge's viewing of the landing does not constitute such error since it had no bearing upon his decision regarding "mistake, inadvertence, surprise, or excusable neglect."

[4] The landowners' failure to establish the first requirement of the Rule makes it unnecessary to address the meritorious defense prong. *See Hodges v. Fanning*, 266 S. C. 517, 224 S. E. (2d) 713 (1976); *McInerny v. Toler*, 260 S. C. 382, 196 S. E. (2d) 122 (1973).

In my view, the trial judge's decision demonstrates no abuse of discretion. Accordingly, I would affirm the Court of Appeals.