716 S.E.2d 887

**Ann F. McCLURG and Ann F. McClurg, as Personal
Representative of the Estate of Stephen Andrew
McClurg, Respondent,**

v.

**Harrell Wayne DEATON and New Prime, Inc., Petitioners.**

No. 27038.

Supreme Court of South Carolina.

Heard Jan. 5, 2011.
Decided Sept. 6, 2011.
Rehearing Denied Nov. 17, 2011.

C. Mitchell Brown, William C. Wood, Jr., A. Mattison Bogan, and Michael J. Anzelmo, all of Nelson Mullins Riley & Scarborough, of Columbia, and C. Stuart Mauney, Phillip E. Reeves, and Jennifer D. Eubanks, all of Gallivan, White & Boyd, of Greenville, and Samuel W. Outten and Sandi R. Wilson, both of Womble Carlyle Sandridge & Ride, of Greenville, for Petitioners.

Cynthia Barrier Patterson, of Columbia, and Donald R. Moorhead, of Greenville, for Respondent.

Duke R. Highfield, Brandt R. Horton, and Benjamin A. Traywick, all of Young Clement Rivers, of Charleston, for Amicus Curiae American Law Firm Association. Frank L. Eppes, of Eppes & Plumblee, of Greenville, for Amicus Curiae South Carolina Association for Justice. Robert D. Moseley, Jr., Kurt M. Rozelsky, and Matthew M. Staab, all of Smith Moore Leatherood, of Greenville, for Amicus Curiae SC Trucking Association and American Trucking et al. William B. Darwin, Jr. and Nathaniel P. Mark, both of Holcombe Bomar, of Spartanburg, for Amicus Curiae SC Defense Trial Attorney's Association.

86

Justice PLEICONES.

We granted certiorari to review a decision of the Court of Appeals which upheld the circuit court's denial of both petitioners' Rule 60(b), SCRCP, motions. *McClurg v. Deaton*, 380 S.C. 563, 671 S.E.2d 87 (Ct.App.2008). We affirm.

The Court of Appeals rested its affirmance on issue preservation grounds, that is, the failure of the petitioners to argue to the circuit court that they had a meritorious defense.[1] A

1. "Preserving issues for appellate review is a fundamental component of appellate practice." Toal, Vafai, Muckenfuss *Appellate Procedure in South Carolina* (1999) 65. Issue preservation requires that the question presented to the appellate court "must first have been fairly and properly raised in the lower court and passed upon by that court." *Id.* The dissent would alter these well-settled precepts in favor of burdening trial courts with discerning the issues a party should raise, and perusing the record for evidence to support those issues.

Here, the dissent would find the issue of a meritorious defense raised by New Prime when, in two sentences in the portion of its pretrial memorandum titled "Background," which precedes the section titled "Argument," it states:

Neither Zurich nor New Prime heard about the suit that was filed against Deaton until October 7, 2005, after the default judgment for $800,000 was entered (see Affidavit of Gail Meyer at ¶ 13–14). Plaintiff's counsel had previously demanded $170,000 to settle the matter.

The dissent also finds Deaton raised a meritorious defense when, in its "Supplemental Memorandum in Support of Amended Motion to Set Aside Default Judgment," he footnoted his text sentence "Therefore, the Plaintiffs' loss of a windfall Default Judgment simply should not be a factor in the Court's decision" with the following:

It is appropriate to characterize the Default Judgment as a windfall for Plaintiffs given the fact that their Counsel made a settlement demand of $170,000 from Zurich on April 26, 2004, little over a year before the Default Judgment of over four times that amount was entered. See Exhibit A ¶ 16.

To say that these three sentences "fairly and properly raised" the issue of a meritorious defense to the circuit court, albeit without use of "magic words" strains credulity, as does the suggestion that *Thompson v. Hammond*, 299 S.C. 116, 382 S.E.2d 900 (1989) stands for the proposition that a party need not argue "the existence of a meritorious defense within a Rule 60(b) motion."

Moreover, it is well-settled that the moving party in a Rule 60(b) motion has the burden of presenting **evidence** entitling him to relief. *BB & T v. Taylor*, 369 S.C. 548, 633 S.E.2d 501 (2006) (emphasis supplied). Memorandum in support of a motion is not evidence. *Harris Teeter, Inc. v. Moore & Van Allen, PLLC*, 390 S.C. 275, 701 S.E.2d 742 (2010) (Hearn, J., dissenting). Even if we were to find that the issue of a meritorious defense were suggested by the memoranda, neither petitioner could be said to have presented evidence of such a

meritorious defense is necessary in order for a judgment to be set aside under Rule 60(b). *See Mitchell Supp. Co., Inc. v. Gaffney*, 297 S.C. 160, 375 S.E.2d 321 (Ct.App.1988). The Court of Appeals did not decide, nor do we, whether a meritorious defense as to damages alone and not as to liability is an adequate basis for the grant of Rule 60 relief. Moreover, we do not decide whether a party demonstrating a meritorious defense to the damages awarded in the default proceeding would be entitled to have the entire judgment set aside or merely the damages award.

Since the issue of a meritorious defense was neither raised to nor ruled upon by the circuit court,[2] the decision of the Court of Appeals is

**AFFIRMED.**

---

defense as it is beyond cavil that a settlement offer is not evidence. Rule 408, SCRE; *Fesmire v. Digh*, 385 S.C. 296, 683 S.E.2d 803 (Ct.App.2009).

Finally, if we were to construe the trial judge's statement that "there has been no showing of a meritorious defense" as a ruling rather than an observation, *compare Mize v. Blue Ridge Ry. Co.*, 219 S.C. 119, 64 S.E.2d 253 (1951) (mere observations by trial judge do not enlarge grounds upon which motion is made), the fact remains that he would have been correct. Rule 408, SCRE; *Fesmire, supra.*

2. Although both petitioners filed motions for reconsideration in the trial court, neither challenged the finding of the circuit court that there was no showing of a meritorious defense. Moreover, petitioner New Prime did not challenge the finding of no meritorious defense in its appellant's brief. Petitioner Deaton, in his appellant's brief, referenced a discrepancy between the documented medical expenses and the damages award only in support of his argument that there was a defect in respondent's pleading warranting a setting aside of the default judgment. The settlement offer was not mentioned. The "substantial discrepancy between the settlement offer and the amount awarded upon default" relied upon by the dissent as the basis for a meritorious defense appears for the first time in petitioners' appellate reply briefs. It is axiomatic that an issue cannot be raised for the first time in a reply brief. *Chet Adams Co. v. James F. Pedersen Co.*, 307 S.C. 33, 413 S.E.2d 827 (1992).

None of the cases cited by the dissent support the dissent's proposition that a party is not required to argue to the trial or appellate court that it has a meritorious defense in order to obtain Rule 60(b) relief. In *Em–Co Metal Prods., Inc. v. Great Atlantic & Pacific Tea Co.*, 280 S.C. 107, 311 S.E.2d 83 (Ct.App.1984), the Court of Appeals affirmed an order relieving respondent from a default judgment under the statutory predecessor to Rule 60(b), citing both deference to judicial discretion and the "liberal spirit" of the statute, a spirit which did not survive the

88

BEATTY, KITTREDGE, JJ., and Acting Justice JOHN H. WALLER, concur.

TOAL, C.J., dissenting in a separate opinion.

Chief Justice TOAL.

I respectfully dissent. This case presents an unusual fact scenario where New Prime, Inc. and Deaton (collectively,

adoption of the SCRCP. *Sundown Operating Co., Inc. v. Intedge Industries, Inc.*, 383 S.C. 601, 681 S.E.2d 885 (2009) (standard for relief under Rule 60(b) rigorous). Moreover, in *Em–Co*, the appealed order stated respondent had a meritorious defense but did not support this conclusion of law by factual findings. Appellant argued this omission required reversal. The Court of Appeals, in affirming this conclusion, noted there was evidence in the record to support it in an attorney's letter. In *Em–Co*, the court looked for evidence to affirm a finding by the trial court, while here the dissent is searching for evidence to reverse. Moreover, the dissent finds this evidence in mere factual recitations which reflect a settlement offer made long before discovery was complete or a complaint had been filed.

The dissent's reliance on *Mictronics, Inc. v. S.C. Dep't of Rev.*, 345 S.C. 506, 548 S.E.2d 223 (Ct.App.2001) and *Williams v. Watkins*, 384 S.C. 319, 681 S.E.2d 914 (Ct.App.2009) is similarly misplaced. In *Mictronics*, the Court of Appeals affirmed a circuit court order granting relief from an administrative law judge's (ALJ's) order dismissing a contested case for procedural reasons, using its authority to affirm an appeal for any reason appearing in the record. *See* Rule 220(b), SCACR. The court found the circuit court had applied the incorrect standard in reversing the ALJ's order, and proceeded to review the case under the correct standard. The court, applying this new standard, found evidence of a meritorious defense in the respondent's prehearing statement, that is, the document it had filed with the ALJ in support of the merits of its claim that it was entitled to a tax exemption. This decision does not stand for the proposition that an appellate court must search the record for evidence of a meritorious defense in order to reverse an appealed order, but rather that when affirming for any reason, the court may rely on arguments actually raised by the party below. In *Williams v. Watkins*, the Court of Appeals found the meritorious defense in the party's pleading.

Here, the dissent does not rely on any argument made to the lower tribunal but instead searches the record for evidence to support an argument raised for the first time in a petition for rehearing after the Court of Appeals had affirmed the appeal. It is axiomatic that an issue cannot be raised for the first time on rehearing. *E.g., Nelson v. QHG of South Carolina, Inc.*, 362 S.C. 421, 608 S.E.2d 855 (2005).

The dissent goes beyond plain error, and would require appellate courts to search the record in an effort to reverse. This we should not do. *E.g., Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 602 S.E.2d 772 (2004).

Petitioners) challenge a default judgment—obtained, in my opinion, by Respondents' trickery and deception—by contesting damages, rather than contesting liability. The majority concludes the issue of whether the default judgment should be set aside is unpreserved for appellate review because a meritorious defense was neither raised to, nor ruled upon by the circuit court. I believe both Petitioners raised a meritorious defense in their original pleadings before the circuit court by noting the substantial discrepancy between the damages awarded upon default and the medical expenses incurred or the settlement offer advanced by the plaintiffs. The circuit court ruled on that issue, finding Petitioners did not make a meritorious defense. It is a question of first impression in this state whether a meritorious defense to a default judgment may relate to damages or whether it may only involve a defense to liability. That question was squarely before the court of appeals when the circuit court found Petitioners failed to raise a meritorious defense. As such, it should be weighed on this Court's scales.

Because the majority neglected to include an explanation of the facts in its affirmance, I include a recitation here. In this case, Petitioners appeal the decision of the court of appeals upholding the circuit court's denial of each of Petitioners' Rule 60(b), SCRCP, motions.

On August 5, 2002, Deaton was driving a truck for his employer, New Prime, when Deaton was involved in an accident with Respondent Ann McClurg. Zurich North American (Insurer) insured New Prime under a commercial trucker's general liability policy with a $2 million per accident deductible.

Insurer learned of the accident on August 6, 2002, and began an investigation. In September 2002, Insurer received a letter of representation from the lawyer (Lawyer) representing both Ann McClurg and her then-living husband Stephen McClurg. In October 2002, Deaton left New Prime's employment.

Insurer and Lawyer remained in contact, discussing injuries, medical treatments, and settlement negotiations. In April 2004, Insurer received a settlement package from Lawyer demanding $170,000 to settle all claims. On June 28, 2004,

Lawyer sent Insurer a letter referencing "McClurg v. New Prime and Deaton," and stating that if Insurer did not respond by next week regarding the settlement offer, he would "file suit and serve the Defendant and send [Insurer] a courtesy copy of the pleadings." In October 2004, Lawyer sent Insurer another letter enclosing a draft complaint naming only Respondent Ann McClurg as plaintiff and only New Prime as defendant, alleging that New Prime was vicariously liable for Deaton's negligence, and New Prime was liable for the negligent hiring, retention, and training of Deaton. Later that month, Insurer contacted Lawyer who agreed to delay filing the suit. For the next eight months, until June 2005, Insurer and Lawyer exchanged settlement offers, but the parties could not reach an agreement. At no time during these exchanges did Lawyer indicate he intended to pursue an action solely against Deaton. In May 2005, Lawyer sent Insurer a new medical report, without mentioning that in April 2005 he had filed suit on behalf of both McClurgs against Deaton only.

Lawyer attempted to serve Deaton in April 2005 through the South Carolina Department of Motor Vehicles (SCDMV) pursuant to South Carolina Code section 15–9–350. That attempt at service was returned and marked as "insufficient address." Lawyer then hired a private investigator, who found an alternate address for Deaton in Texas, and in June 2005, the SCDMV sent the complaint to Deaton by certified mail. The return receipt was ostensibly signed by Deaton on June 27, 2005. Deaton denies ever receiving the Summons and Complaint. Deaton did not answer or otherwise appear, and the circuit court filed an order of default on August 1, 2005. Deaton failed to respond to notice of the damages hearing, and in September 2005, the court entered judgments totaling $800,000 against Deaton; $750,000 for Ann McClurg and $50,000 for Stephen McClurg.

On October 5, 2005, after the expiration of the statute of limitations, Insurer contacted Lawyer's office to check on the status of the settlement negotiations, but Lawyer's staff would not give Insurer any information. On October 7, 2005, Insurer received a copy of the Deaton default judgment from Lawyer. In the letter accompanying the copy of the default judgment, Lawyer requested payment from Insurer to satisfy

the judgment against Deaton. This is the first notice Insurer and New Prime had of the suit brought against Deaton. On that same day, Deaton made a motion to set aside the default judgment under Rule 60(b)(1) and (b)(3), SCRCP. New Prime subsequently motioned to intervene and moved to set aside the default judgment under this rule, as well. The circuit court granted New Prime's motion to intervene, but denied both Deaton's and New Prime's Rule 60(b) motions. The circuit court subsequently denied the parties' motions for reconsideration under Rule 59(e), SCRCP.

On appeal, the court of appeals affirmed in a 2–1 decision, with then-Chief Judge Hearn dissenting. *McClurg v. Deaton*, 380 S.C. 563, 580, 671 S.E.2d 87, 96 (Ct.App.2008). The denial of relief for Petitioners rested entirely on the determination that Petitioners failed to raise a meritorious defense when motioning to set aside the default judgment. *Id.* at 573, 671 S.E.2d at 93. On the merits, the court of appeals held that, as an intervening party to the action, New Prime was entitled to relief under Rule 60(b), SCRCP, if it satisfied one of the Rule's requirements.[3] *Id.* at 573, 671 S.E.2d at 92–93. The court of appeals then found that, at a minimum, the required element of surprise existed. *Id.* at 573, 671 S.E.2d at 92. The court opined that Lawyer's actions would most likely satisfy the misrepresentation and misconduct element of Rule 60(b)(3), SCRCP, as well. *Id.* at 573, 671 S.E.2d at 92–93. However, the court declined to offer relief to Petitioners, determining that any meritorious defense that may have existed in the record was not raised to or ruled upon by the trial court. *Id.* Then–Chief Judge Hearn dissented with respect to that conclusion, stating she believed Petitioners raised a meritorious defense in the course of the pleadings. *Id.* at 580, 671 S.E.2d at 96. In short, I would adopt Judge Hearn's dissent.

---

3. Rule 60(b), SCRCP, provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

. . .

(3) fraud, misrepresentation, or other misconduct of an adverse party

. . . .

Petitioners' request for rehearing en banc was denied by a vote of 5 in favor, and 4 opposed.[4] This Court granted both Deaton's and New Prime's petitions for writs of certiorari.

Our standard of review in this case is deferential. The decision to grant or deny a motion for relief from judgment lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502–03 (2006). "An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support." *Id.* at 551, 633 S.E.2d at 503.

Deaton and New Prime briefed their issues separately to the Court, and present a variety of issues. Because the question of whether Petitioners raised a meritorious defense is dispositive, I address it first. Both the court of appeals and the majority of this Court determined a meritorious defense was neither raised to, nor ruled upon by the circuit court. In so finding, both courts disposed of this case on preservation grounds. I disagree with such a disposal.

Our courts require a party seeking to set aside a default judgment also raise a meritorious defense. *See Mitchell Supply Co., Inc. v. Gaffney*, 297 S.C. 160, 163, 375 S.E.2d 321, 323 (Ct.App.1988) (noting the South Carolina Code section that was the precursor to the South Carolina Rules of Civil Procedure required a showing of a meritorious defense, and holding the passage of the Rules do not change that requirement). It is in the interest of judicial efficiency that our courts require a meritorious defense. To borrow a statement from Chief Judge Sanders writing for the court of appeals: "[w]hatever doesn't make a difference doesn't matter" in the law. *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct.App.1987). As the meritorious defense requirement derives from the policy that courts do not engage in acts of futility:

A meritorious defense need not be perfect[,] nor one which can be guaranteed to prevail at a trial. It need be only one

---

4. "It shall require the affirmative vote of six (6) members of the Court of Appeals to hear or rehear an appeal or other proceeding en banc." Rule 219, SCACR.

which is worthy of a hearing or judicial inquiry because it raises a question of law deserving of some investigation and discussion or a real controversy as to real facts arising from conflicting or doubtful evidence.

*Thompson v. Hammond,* 299 S.C. 116, 120, 382 S.E.2d 900, 903 (1989) (*quoting Graham v. Town of Loris,* 272 S.C. 442, 248 S.E.2d 594 (1978)). Therefore, to demonstrate a meritorious defense, our courts have not required that parties specifically tag their argument as a "meritorious defense" in a Rule 60(b) motion.[5] Notably, in this case, the Court need not look beyond the pleadings to find the meritorious defense raised by Petitioners.

In *Em–Co Metal Products, Inc. v. Great Atlantic & Pacific Tea Co.,* the appellant argued respondents did not make a prima facie showing of a meritorious defense. 280 S.C. 107, 115, 311 S.E.2d 83, 88 (Ct.App.1984). Although the circuit court order did not set forth the facts upon which it found a meritorious defense, the court of appeals affirmed the finding of a meritorious defense based on evidence found in the record. Specifically, the court of appeals found evidence of a meritorious defense in the plaintiff's complaint and in a letter introduced by the plaintiff at a hearing. 280 S.C. 107, 115, 311 S.E.2d 83, 88 (Ct.App.1984). Although the letter purported to set forth the plaintiff's position, the court found it nevertheless

---

5. In asserting the contrary position, the majority notes the rigorous standard of Rule 60(b), SCRCP, citing *Richardson v. P.V., Inc.,* 383 S.C. 610, 682 S.E.2d 263 (2009). *Richardson* stands for the proposition that the standard for finding mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1) or fraud and misrepresentation under 60(b)(3) is more rigorous than the standard required to set aside an entry of default judgment under Rule 55(c). *Id.* Rule 60(b) requires a party make a particularized showing of the elements under subsections 1 or 3, as opposed to Rule 55(c), where a party may prevail with a showing of good cause. *Id. Richardson* does not assert that a defendant's Rule 60(b) motion must include the words "meritorious defense" to demonstrate that adjudication on the merits might lead to a different result. Additionally, the "liberal spirit" of Rule 60(b) did not see its demise with the adoption of the South Carolina Rules of Civil Procedure (SCRCP), as the majority contends. As stated in *Thompson v. Hammond,* 299 S.C. at 122, 382 S.E.2d at 904 (J. Chandler dissenting), and supported in numerous cases decided after the adoption of the SCRCP (discussed herein), "Rule 60(b)(1) is virtually identical to S.C.Code Ann. § 15–27–130 (1976), which was repealed in 1985 with enactment of the Rules of Civil Procedure."

demonstrated that both defendants in that case possessed a meritorious defense. *Id.* Importantly, the documents relied upon by the court of appeals were supplied by the plaintiff, not the party seeking to have the judgment set aside. The majority states that in *Em–Co*, the court was merely asserting its Rule 220(b), SCACR, authority to affirm a ruling on any ground found in the record. Perhaps, but on several occasions, our courts have *reversed* the denial of a Rule 60(b) motion by finding the existence of a meritorious defense in the record. In *Thompson*, this Court reversed the denial of a Rule 60(b) motion, finding testimony made at the motion hearing revealed the existence of a real controversy, and therefore, the petitioners in that case presented a meritorious defense. *Thompson*, 299 S.C. at 120, 382 S.E.2d at 903 (1989). In *Williams v. Watkins, Jr.*, the court of appeals reversed the circuit court's denial of a Rule 60(b) motion by gleaning a meritorious defense from the record. 384 S.C. 319, 326–27, 681 S.E.2d 914, 917–18 (Ct.App.2009). In reversing, the court stated, "[w]ith respect to the meritorious defense factor, the record contains evidence Watkins made a prima facie showing of a meritorious defense to Williams' claims." *Id.* The majority distinguishes *Williams* on the ground that the court found a meritorious defense in a pleading. As I have noted, both Petitioners presented a meritorious defense in the memoranda supporting their Rule 60(b) motions. I do not understand the majority's distinction.

In yet another case, the court of appeals found a meritorious defense in a party's prehearing statement. *Mictronics, Inc. v. S.C. Dep't Rev.*, 345 S.C 506, 511, 548 S.E.2d 223, 226 (Ct.App.2001). In so finding, the court reiterated that the standard for finding a party raised a meritorious defense is a low one. *Id.* ("To establish a meritorious defense, a party is not required to show an absolute defense."). Further research would likely reveal a multitude of similar cases. In my view, the key inquiry is merely whether the materials submitted to the trial court reflect, in any way, that a contest on the merits might render different results than the result reached by the default judgment.

In this case, the majority of the court of appeals, and this Court's majority, rests on the conclusion that the moving party must expressly indicate to the court that a Rule 60(b)

argument is being made for the purpose of providing a meritorious defense. The court of appeals recognized New Prime's argument on appeal that its defense related to the discrepancy in damages awarded versus the amount offered by Lawyer during settlement negotiations. *McClurg*, 380 S.C. at 575, 671 S.E.2d at 94. In reviewing the record, the court noted an allegation in an affidavit by the Insurer's employee that Lawyer offered a far lesser amount during settlement negotiations. *Id.* at 575–76, 617 S.E.2d at 94. The court found that statement was not made for the purpose of raising a meritorious defense. *Id.* at 576, 617 S.E.2d at 94. The court did not reach the question of whether this evidence could constitute a meritorious defense, but stated, "even assuming for the sake of argument that this bare assertion regarding settlement negotiations is evidence of a defense to the amount of damages, the argument is not preserved for our review as it was neither raised to nor ruled upon by the trial court." *Id.* In my view, Petitioners each raised a meritorious defense to damages directly within the memoranda supporting their motions to set aside the default judgment, and supported that claim in an affidavit of a claims specialist with the Insurer. New Prime's memorandum states: "Neither Zurich nor New Prime heard about the suit that was filed against Deaton until ... after the default judgment for $800,000 was entered. Plaintiff's counsel had previously demanded $170,000 to settle the matter." Likewise, Deaton's memorandum characterizes the judgment as a "windfall," stating "their Counsel made a settlement demand of $170,000 from Zurich on April 26, 2004, little over a year before the Default Judgment of over four times that amount was entered." To support the claim that the damages on default far exceeded what would have otherwise been awarded with a decision on the merits, Deaton provides the affidavit of a claims specialist with the Insurer that stated Ann McClurg incurred medical expenses of approximately $21,000, and Respondents made a settlement offer of $170,000.[6]

---

6. The majority argues that because a settlement offer is not admissible evidence of damages under Rule 408, SCRE, these statements cannot fairly be construed as meritorious defenses. I reiterate that the purpose of requiring a meritorious defense when petitioning a court to set aside a default judgment is simple—to prevent courts from engaging in acts of futility by re-opening litigation where there is no real controversy. I

In addition to its contention that a meritorious defense was not raised to the circuit court, the majority argues that neither Petitioner challenged the circuit judge's finding that there was no showing of a meritorious defense in their motions for reconsideration. Because I believe Petitioners raised a meritorious defense in their original pleadings and that the circuit judge ruled on that issue, our preservation rules do not require they contest that finding in a motion for reconsideration. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (a party is only required to file a motion to reconsider when an issue has been raised but not ruled upon by the court). Nevertheless, Deaton did raise the meritorious defense of the discrepancy in damages as a third ground in his motion for reconsideration. (*see* App. at 184–85, "Because of the defect in pleading and disparity between the award and medical expenses, the default judgment should be set aside;" *see also* App. 542–43.) This being clear, the majority is apparently expounding the view that a party must use the magic words, "meritorious defense," when arguing that a court may have reached a different result had it heard a case on the merits. As elaborated, our courts have never before required such explicit language.

The majority finally attempts to prove the issue unpreserved by concluding Petitioners did not challenge the circuit court's finding of no meritorious defense in its appeal to the court of appeals. To the contrary, Deaton appealed the circuit court's meritorious defense ruling in his third issue before the court of appeals. There, Deaton again argued that because the McClurgs' complaint did not include a request for damages from future loss of in-kind services, it was error for the trial court to award Ann McClurg $600,000 in damages on that ground. That argument represents a meritorious defense as it "raises a question of law deserving of some investigation and discussion or a real controversy as to real facts arising from conflicting or doubtful evidence." *Thompson v. Hammond,* 299 S.C. 116, 120, 382 S.E.2d 900, 903 (1989).

do not consider the settlement offer referenced by Petitioners to represent evidence of what the damages ought to be. However, I believe that the evidence meets the low bar set for a meritorious defense in that it merely demonstrates the existence of a real controversy and the probability that a decision on the merits might render a different result.

The question of whether a meritorious defense can relate to damages or if it can relate only to the existence of liability is one of first impression in this state. It was clear in both Deaton's and New Prime's motions to set aside default judgment that, if given the opportunity to defend the lawsuit properly, the outcome may very well have been different based on the actual damages incurred. Therefore, I believe that when the circuit judge found "there has been no showing that a meritorious defense exists in this case," he reached this conclusion on the belief that Petitioners were required to raise a defense to liability. Petitioners argued to the court of appeals, and to this Court, that its meritorious defense related to the discrepancy in damages awarded. Because I agree with Petitioners that a meritorious defense can relate not only to the liability of the defendant, but also to the amount of damages awarded, I believe it was error for the court of appeals to find the issue was not raised to or ruled upon by the circuit court, and I dissent from the majority's similar disposition of this case.

In support of my position, I note other courts have recognized that an allegation relating to the amount of damages satisfies the meritorious defense requirement. *See, e.g., Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988) (discussing the meritorious defense raised: "[a]lthough these statements address the amount, rather than the propriety, of Augusta's claim, we believe that taken together they are a sufficient proffer of a meritorious defense"); *Wainwright's Vacations, LLC v. Pan American Airways Corp.*, 130 F.Supp.2d 712, 719 (D.Md.2001) (discussing *Augusta Fiberglass* and concluding, "[t] he company has raised a viable dispute about the amount it owes Pan Am"); *Esteppe v. Patapsco & Back Rivers Railroad*, 2001 U.S. Dist. LEXIS 7112, 2001 WL 604186 (D.Md.2001) (appellant raised a meritorious defense "by contradicting the amount claimed by plaintiff"). There are many instances, and this case is an example, where a defendant does not contest liability, but contests the extent of damages owed. Restricting the scope of a meritorious defense to liability alone incentivizes a party who may otherwise concede liability to deny any wrongdoing. I do not believe our courts wish to encourage that practice. At oral argument before this Court, there

was concern that allowing a meritorious defense to damages might impede the finality of judgments, in that any discrepancy between actual damages and awarded damages could be a basis for setting aside a default judgment. I note that a meritorious defense to the amount of damages awarded must first be accompanied by a showing that the action filed meets the requirements of Rule 60(b)(1)–(5), SCRCP.

After surmounting the meritorious defense hurdle, I side with the court of appeals' view that by virtue of allowing New Prime to intervene, it was entitled to an order setting aside the judgment if New Prime could meet the requirements of Rule 60(b)(1) or (b)(3). *McClurg*, 380 S.C. at 571, 671 S.E.2d at 92. Our holding in *Edwards v. Ferguson*, is instructive on this point. 254 S.C. 278, 175 S.E.2d 224 (1970). In that case, Ferguson and his insurance company moved to set aside a default judgment on the ground that it was taken by mistake, inadvertence, surprise, or excusable neglect. *Id.* The plaintiff in that case attempted to settle with the insurance company. *Id.* When settlement did not develop, the plaintiff served a summons and complaint to the home of Ferguson. *Id.* Ferguson did not answer or inform his insurance company of the complaint, and the circuit court entered default judgment for the plaintiff. *Id.* This Court found the insurance company "stands in the shoes of [its insured] so far as liability is concerned." *Id.* at 282, 175 S.E.2d at 226.

I agree with the court of appeals that the trial court erred in finding the elements of Rules 60(b)(1) and (b)(3) could not apply to New Prime since New Prime was not the party served. The burden of this judgment ultimately will fall on New Prime's shoulders and, therefore, I believe the court of appeals properly found New Prime could stand in Deaton's shoes when arguing the existence of surprise, misrepresentation, or misconduct under Rule 60(b)(1) and (b)(3), SCRCP.

On the facts in the record, I believe New Prime undoubtedly met both the surprise element of Rule 60(b)(1) and the misconduct element of Rule 60(b)(3) when moving to have the default judgment set aside. At oral argument before this Court, Lawyer admitted he was trying to fly under the radar in serving Deaton because of the prolonged, and seemingly unsuccessful, settlement negotiations with Insurer. Although

prolonging settlement negotiations in hopes of surpassing the statute of limitations is a disdainful practice some insurance companies keep, this in no way justifies the type of "gotcha" game played by McClurgs' counsel in this case.

In sum, I would find Petitioners met their burden to set aside the default judgment by demonstrating the existence of surprise and misconduct. Further, in my opinion, Petitioners' supporting memoranda and affidavits to the Rule 60(b) motions provided the court a basis for concluding that a contest on the merits might result in a different outcome by illustrating the discrepancy between the amount of damages awarded and the actual damages suffered or the settlement offer advanced by Respondents. It was an error of law for the circuit judge to determine that because Petitioners did not deny liability, Petitioners did not raise a meritorious defense. I believe it was error for the court of appeals to conclude Petitioners did not raise a meritorious defense, and accordingly, I part ways with the majority in its affirmance of the court of appeals on that ground.