**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Wells Fargo Bank, N.A., Respondent,

v.

Kathleen M. Coffaro, First Federal Savings and Loan Association of Charleston, and Brickyard Plantation Property Owners Association, Inc., Defendants,

Of whom Kathleen M. Coffaro is the Appellant.

Appellate Case No. 2011-191627

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2012-UP-624
Heard October 31, 2012 – Filed November 28, 2012

**AFFIRMED**

Mary Leigh Arnold, of Mount Pleasant, for Appellant.

Thomas E. Lydon, McAngus Goudelock & Courie, LLC, of Columbia, for Respondent.

**PER CURIAM:** Kathleen Coffaro appeals the post-foreclosure judgment orders of the master-in-equity, arguing the court erred in violating the provisions of numerous rules of civil procedure. Because the only issues she raised below were raised in her post-judgment motions, we address them under Rule 60(b), SCRCP. We find that the master committed no error of law and that the master's factual determinations are supported by the record. *See McClurg v. Deaton*, 380 S.C. 563, 570, 671 S.E.2d 87, 91 (Ct. App. 2008) ("The decision to grant or deny a motion for relief from judgment lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. . . . An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support." (citations omitted)), *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011). Therefore, we affirm pursuant to Rule 220(b)(1), SCACR, *McClurg*, and the following additional authorities: *Sundown Operating Co., Inc. v. Intedge Indus., Inc.*, 383 S.C. 601, 608, 681 S.E.2d 885, 888 (2009) ("Once a default judgment has been entered, a party seeking to be relieved must do so under Rule 60(b), SCRCP."); *BB & T v. Taylor*, 369 S.C. 548, 552, 633 S.E.2d 501, 503 (2006) ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle her to relief."); *Roche v. Young Bros., Inc., of Florence*, 332 S.C. 75, 81, 504 S.E.2d 311, 314 (1998) (stating a "defaulting party is deemed to have admitted the truth of the plaintiff's allegations and to have conceded liability").

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**