**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Monroe E. Cook and Lynn S. Cook, Appellants,

v.

Nealy Lynn Taylor, Respondent.

Appellate Case No. 2013-000926

———————

Appeal From Horry County
William Edward Lawson, Special Referee

———————

Unpublished Opinion No. 2015-UP-113
Submitted January 1, 2015 – Filed March 4, 2015

———————

**AFFIRMED**

———————

Gene McCain Connell, Jr., of Kelaher, Connell &
Connor, P.C., of Surfside Beach, for Appellants.

Philip Coleman Thompson, Sr., of Thompson & Henry,
P.A., of Conway, for Respondent.

———————

**PER CURIAM:** Monroe E. Cook and Lynn S. Cook (the Cooks) appeal from an order of the special referee finding Nealy Lynn Taylor did not have to reconvey land to the Cooks. The Cooks argue the special referee erred by (1) allowing Taylor to amend her answer at the close of evidence to assert the defenses of lack

of consideration, illegal contract, and unclean hands; (2) finding no unjust enrichment occurred; (3) ruling that even if a contract existed, it was illegal; (4) finding the Cooks assumed the risk; (5) finding the Cooks had unclean hands; (6) finding no fiduciary relationship existed between the Cooks and Taylor; and (7) applying estoppel.  The Cooks did not appeal the special referee's finding that they waived all rights, title, and interest to the land they conveyed Taylor.  Because waiver became the law of the case under the two-issue rule, we affirm.  *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two[-]issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (stating "an unappealed ruling, right or wrong, is the law of the case"); *McClurg v. Deaton*, 395 S.C. 85, 87 n.2, 716 S.E.2d 887, 888 n.2 (2011) ("It is axiomatic that an issue cannot be raised for the first time in a reply brief."); *Cont'l Ins. Co. v. Shives*, 328 S.C. 470, 474 n.2, 492 S.E.2d 808, 811 n.2 (Ct. App. 1997) ("An appellant may not . . . use the reply brief to argue issues not argued in the initial brief."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the Record on Appeal.").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.