**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas J. Grossetti, Jr., Respondent,

v.

Nicolette S. Blue, Appellant.

Appellate Case No. 2016-000246

———————

Appeal From Dillon County
Richard L. Hinson, Special Referee

———————

Unpublished Opinion No. 2017-UP-163
Submitted March 1, 2017 – Filed April 19, 2017

———————

**AFFIRMED**

———————

Brett Harris Bayne, of McAngus Goudelock & Courie, LLC, of Columbia, for Appellant.

George D. Jebaily and Suzanne Holland Jebaily, both of Jebaily Law Firm, PA, of Florence, for Respondent.

———————

**PER CURIAM:** Nicolette Blue appeals the special referee's order denying her motion to set aside the default judgment, arguing the special referee erred in finding she failed to prove grounds for relief under Rule 60(b), SCRCP, and she failed to present a meritorious defense. Blue argues she proved grounds for relief

under Rule 60(b), SCRCP, because her failure to appear was due to mistake, inadvertence, surprise, or excusable neglect resulting from Thomas Grossetti's failure to provide her insurance company with copies of the pleadings after he filed the action.  Further, Blue contends she presented a meritorious defense regarding the amount and extent of damages.  We affirm.[1]

We find the special referee did not abuse its discretion in denying Blue's motion to set aside the default judgment because Blue failed to demonstrate mistake, inadvertence, surprise, or excusable neglect.  *See Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606-07, 681 S.E.2d 885, 888 (2009) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the [circuit court]."); Rule 55(c), SCRCP (providing a court may set aside a default judgment in accordance with Rule 60(b)); Rule 60(b)(1), SCRCP (providing a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect").  This court addressed the plaintiffs' failure to notify an insurer of a filed action after they engaged in ongoing negotiations with an insurer in *McClurg v. Deaton*.  380 S.C. 563, 671 S.E.2d 87 (Ct. App. 2008), *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011).  The underlying action in *McClurg* arose from an accident involving an employee driving his employer's truck.  *Id.* at 567, 671 S.E.2d at 89.  The plaintiffs engaged in ongoing negotiations with the employer's insurer and indicated they intended to sue only the employer. *Id.* at 567, 671 S.E.2d at 89-90.  Without notifying the employer or its insurer, the plaintiffs filed an action solely against the employee, who had since moved out of state. *Id.* at 567, 671 S.E.2d at 90.  Neither the employer nor the insurer knew an action had been filed until receiving the notice of default judgment.  This court held the evidence supported setting aside the default judgment based on mistake, inadvertence, surprise, or excusable neglect because "at a minimum, the facts show[ed] [the employer] was taken by surprise when counsel filed the action solely against [the employee] and failed to inform the insurer or [the employer] of this action." *Id.* at 573, 671 S.E.2d at 92 (noting the insurer had a reasonable expectation it would be notified of any lawsuit arising from the employee's accident, or at least given copies of the filed pleadings, based on the plaintiffs' conduct in negotiating the claim).  In contrast, here Blue's insurer admitted it knew an action had been filed because Grossetti notified the adjustor within six days of filing the action.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Further, the special referee did not abuse its discretion in denying Blue's motion to set aside the default judgment because Blue failed to present a meritorious defense. *See id.* at 574, 671 S.E.2d at 93 ("It is clear . . . a meritorious defense is more than merely a factor to consider under certain 60(b) grounds for setting aside default judgments. In particular, our courts have held that in order to obtain relief from a default judgment under Rule 60(b)(1) . . . not only must the movant make a proper showing he is entitled to relief based upon one of the specified grounds, he must also make a prima facie showing of a meritorious defense."). Blue asserts she raised a meritorious defense contesting damages; however, she failed to present any supporting evidence at the hearing and admitted she only had a "nebulous plan" to contest damages at trial. Therefore, the special referee did not err in finding she failed to present a meritorious defense. *See Thompson v. Hammond*, 299 S.C. 116, 120, 382 S.E.2d 900, 903 (1989) (providing a movant must present a defense that raises a question of law worth discussing or that raises a real controversy arising from conflicting or doubtful evidence); *Bowers v. Bowers*, 304 S.C. 65, 67, 403 S.E.2d 127, 129 (Ct. App. 1991) ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief.").

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**